IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE, § <br> L.P. d/b/a SBC TEXAS, § <br> § <br> Plaintiff, § <br> § Civil Action No. 3:05-CV-0292-D <br> VS. § <br> § <br> ACCUTEL OF TEXAS, L.P., et al., § <br> § <br> Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendants removed this case, attempting to invoke this court's federal question jurisdiction. Plaintiff Southwestern Bell Telephone, L.P. d/b/a SBC Texas ("SBC") sues defendants on state-law claims for fraud and civil conspiracy. It moves to remand, contending it has not pleaded a federal question claim and that the case does not involve resolution of a substantial federal question under the Federal Communications Act of 1934 or the Federal Telecommunications Act of 1996 ("FTA"). The court grants the motion.[1]

Defendants maintain that the FTA requires that disputes such as this one regarding the implementation, interpretation, or enforcement of interconnection agreements between a competitive local exchange carrier and an incumbent local exchange carrier be brought first to the Public Utility Commission of Texas ("PUC") and then, on appeal, to the United States District Court for the Western District of Texas. They argue that SBC is attempting by its suit to circumvent an adverse

---

[1] Under § 205(a)(5) the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

ruling made previously by the PUC.

At bottom, defendants maintain that SBC cannot bring suit in any court unless it does so by way of an appeal from a decision of the PUC. This is not an assertion that SBC's state-law fraud and conspiracy claims arise under federal law or that they depend on resolution of a substantial question of federal law. It is more akin to a defense, i.e., that, under the FTA, SBC may not initiate a court proceeding except via an appeal from a decision of the PUC. The presence of a defense, however, does not make the case removable. *See, e.g., Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action is brought to federal court through the [28 U.S.C.] § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense[.]" (internal quotation marks and citations omitted)). This is so even if the federal defense would defeat the state-law claims. *See, e.g., Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) ("a defense that relies on the pre-emptive effect of a federal statute will not provide a basis for removal." (internal quotation marks and citation omitted)). Instead, defendants must present this argument to the state court as a basis for dismissing SBC's lawsuit.[2]

SBC requests an award of attorney's fees under 28 U.S.C. § 1447(c). "The decision to award fees is a matter of discretion." *Fathergill v. Rouleau*, 2003 WL 21467570, at *2 (N.D. Tex. June 23, 2003) (Fitzwater, J.) (citations omitted). The court holds that SBC is entitled to recover its attorney's fees and costs incurred in obtaining the remand of this case, which was improvidently

---

[2]The court expresses no view, of course, on the validity of defendants' argument. This is an issue for the state court to decide.

removed. The award is limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). SBC may apply for an award no later than 30 days from the date this memorandum opinion and order is filed if the parties cannot agree on the amount.

SBC's March 3, 2005 motion to remand is granted. The court holds that it lacks subject matter jurisdiction and, pursuant to § 1447(c), remands this case to the 298th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

April 25, 2005.

                                            SIDNEY A. FITZWATER
                                            UNITED STATES DISTRICT JUDGE